**UNITED STATES of America**

v.

**Edward DOMAN et al.**

**Civ. A. No. 18994.**

United States District Court
E. D. Pennsylvania.
July 16, 1956.

Norman C. Henss, Asst. U. S. Atty., W. Wilson White, U. S. Atty., Philadelphia, Pa., for the Government.

Robert H. Malis, Malis, Malis & Malis, Philadelphia, Pa., for Martin Silverbrook.

Lester J. Schaffer, Gray, Anderson & Schaffer, Philadelphia, Pa., for Morris Shneer.

KRAFT, District Judge.

This civil suit was instituted by the United States against twelve defendants under Section 26(b) (1) of the Surplus Property Act of 1944 [1] to recover the sum of $2,000 and double damages for each of sundry fraudulent transactions alleged to have been engaged in by the defendants. One defendant, Martin Silverbrook, filed a motion to dismiss; another, Morris Shneer, filed a motion for summary judgment. Both motions assert that the suit is barred by the five-year statute of limitations [2] applicable to suits for civil penalties.

The critical question is whether the recoveries sought are penalties or damages. Defendants' argument is strongly persuasive that the sum of $2,000 claimed for each violation, in addition to double damages, is a civil penalty rather than damages. However, in Rex Trailer Co. v. United States, 350 U.S. 148, 76 S.Ct. 219, 222, the Supreme Court, though discussing the difference between civil remedies and criminal penalties, did sufficiently indicate that it construed the provisions of Section 26(b) (1) to authorize "the recovery of a lump sum in damages."

### Order

Now, July 16, 1956, it is ordered that:

(1) Martin Silverbrook's motion to dismiss is denied.

(2) Morris Shneer's motion for summary judgment is denied.

(3) Both defendants are granted leave to file responsive answers within twenty days from this date.

---

1. Act of October 3, 1944, Chap. 479, 58 Stat. 765, as amended, repealed and re-enacted as Act of June 30, 1949, Chap. 288, Title II, Section 209, 63 Stat. 392, 40 U.S.C.A. § 489.

2. "Except as otherwise provided by Act of Congress, an action, suit or proceed-ing for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued * * *." 62 Stat. 974, 28 U.S.C.A. § 2462.